The next case today number 231345 Efrain-Oliveras-Villafane et al. versus Baxter Healthcare SA et al. Will counsel for appellants please come up and introduce yourself on the record to begin. Good morning, your honors. For the record, Juan Rodriguez for the appellant, which is present in court. I would like to reserve six minutes. No, you can reserve two. Yes, your honor. In a nutshell. Counsel, let me start out by asking this basic question because this, I think the whole case might boil this. The district court judge invoked Local Rule 56 and understood the statement of uncontested facts filed by Baxter was not properly opposed, for example, because the opposition was referenced as a complaint, et cetera, et cetera. So my question is, do you have any specific examples where, I think it was Judge Garcia-Gregory, heard in not considering your response to your opposition and adopting the statement of uncontested facts? Yes, your honor. The Rule 56 was pretty extensive. And I have to respond in kind. And it was, it brought a plethora of different arguments for the dismissal, to justify the dismissal. So I have to go on each, each one of those alleged wrongdoing of my clients in order to report. Besides that, the extensive documents submitted requires for the response in opposition to the Rule 56 to be in the same position. I filed a motion immediately asking the court for, to allow our brief, our response to be that, of that extent. And it was granted before any other reason. Later, the defendants filed a motion claiming that it was so extensive, repetitive, et cetera, but it was already addressed by the court. But the issue is not here extensive. I don't see anything in Judge Garcia-Gregory's ruling that it's too extensive. You filed what you filed. But the issue is that, you know, in order to respond to local Rule 56, you can't rely on allegation of complaint. You have, you can't use conclusory statements or remarks. You have to point to particular evidence which will create a genuine issue of material fact. And the issue is, is there, do you have any examples where you can show us that that was done at least for one of the issues of material fact? Yes, your honor. First, the allegation of the complaints was submitted by F.E. David from the appellant, the plaintiff, certifying that each of those facts were true. Okay, but that's not sufficient.  To propose, you know, you have to pinpoint deposition testimony or. Yes, your honor. Or another specific source, or you simply can't rehash the complaint. Yes, your honor. For example, we had a different situation at the time. It was right at the beginning of COVID-19 issue. So, depositions had to be done, were done via video conference platform. But when we tried, and it's in the record of the district court. When we tried to do, to depose the witness, first, they resigned right before the deposition. Which is Mr. These seem like reasons why you don't have what Judge Helpe is asking whether you do have. Okay, I have. So, is there something that you actually have what Judge, in the record, the kind of thing that Judge Helpe is saying you are required to have? Just give us one example, that's what I'm asking. Besides the affidavits of the defendant, we have two affidavits of two ex, I mean, one former employee and one actual employee who was transferred. Certifying that in our allegation. We'll go real quick. But it can't be a certification that these allegations are true and correct. If you present a statement or a sworn statement, it has to be, these are the particular facts, you need to show specificity, you just can't be incorporating by reference everything. The basic for this complaint in federal court, which is a violation of Title VII, is of origin. Two other employees, senior managers, certified that Ms. Warren, vice president of operations, tested, say, sorry. Let me go real quick to the documents. Here we go. The one who made the decision of dismissing the plaintiff, say in a staff meeting, I know that there are too many gringos, but she does not trust the Puerto Rican. That's a statement of the manager of the pen, referring to his decision to remove all Puerto Ricans, or the majority of Puerto Ricans, and replace for continental U.S., born in the mainland, Ms. Warren. And besides the statement of, and hasn't been contested at all. It's two different, one former employee wrote that affidavit, and the current employee who is transferred to other position. In the reply to our response, they claim that they shouldn't be posting statement, because they got a clause of not disclose any information, et cetera. The facts are there. And we obtained those documents. And we presented, we announced those two witnesses, since the beginning of the complaint. At the beginning of the initial disclosure, we informed the defendants, our intention to use those as witnesses. Okay, but do you have anything from those witnesses, that's on the summary judgment record, that can be used too? No, it's not there. In the summary judgment record, we filed, we claimed two different locations, where our client was treated differently, in violation of his rights. The court says, on the first discrimination event, the EEOC complaint was filed after the 180 days, or 300 days, so it's not included. To work that one, we informed the court, in our response to Rule 26, 56, that first, it was an excuse, he was misled by the supervisor, because this gentleman, Mr. Efrain Oliveras, was an engineer of 28, 28, almost 29 years of service, in the, in Baxter. And he was rotated several times, over the three plants in Puerto Rico, to, temporarily, to perform different positions. So, if the plan of Villalba, or Macau, or Hayaulia, had an issue that they need to be addressed, there is a tendency, and it's well done by the company, they send whoever has the expertise in that area, to support that company, that plant, in order to get the problem solved. Mr. Oliveras was transferred to Hayaulia plant. And, immediately, after he arrived, he was moved. It was a lateral move. Even though we categorized it as a demotion, for, in terms of, problems with him, well, based on state law, he wasn't, there was no salary deduction, there was no benefits deduction, so basically, at the time, there was no harm done to Mr. Oliveras, besides the fact that he was permanently transferred, when he was told, you know what, you are not permanently transferred, you are just going to go to this other cell, to help and assist the other employees, because they got a problem with their language, they don't speak English. And that was temporary, so it wasn't permanent. So, he thought, well, it's temporary, I have been doing my entire career here for 29 years, so I don't have a right to file an EEOC complaint, because this is only temporary, and I'm willing to assist. So, is this in the record? Yes, that's the decision. It's the decision of the court, in the report, and, oh, it is in the record. Those statements are in the record. So, he testified to that, pursuant to a deposition? Yes, it was in the deposition, and it was submitted in the record, in our response. Also, we got the documents, one email. And was it, can you make it, was it properly referenced in the statement? Yes, Your Honor. The district court says, for the additional statement of facts, are not, let me quote from the decision. In the opinion of the court says, let me go real quick. In the procedural, in the analysis of the procedures, it says, for the additional statement of facts from the plaintiff, they were not addressed properly. The additional facts. Because what we did, we answered, in our response, to each proposed facts from the defendant, and support our contentions. But we add additional facts. And the court says, for the additional facts, At the end of page number three, last sentence, additional facts relevant to the claim shall be discussed throughout the analysis. So, Let me ask you, if Judge Garcia-Gregory did not abuse his power, did not abuse his discretion, in not taking into account your statement, your response, under Local Rule 56, would your case be doomed, if he didn't commit an error, or would you have to prove that he committed an error, and then we have to consider all that? I do not quite understand the question, Your Honor. If Judge Garcia-Gregory's decision, under Local Rule 56, which was adverse to your claim, was not an abuse of discretion, would you say your case is doomed, or there's still a way that you would survive summary judgment? I would say so. We divided the errors. Two are the basics. It was not, It was not, Let me go over it real quick. We based our appeal We based our appeal  on the issue that it was not considered properly.  But besides that, the court failed to address those additional facts  that were included in their reply, with additional, the defendant tried to rebut that information in their reply.  the majority of the There's two issues, Your Honor. Certain issues in that Rule 26 decision were based on facts. And that should be interpreted by Yes. They have to be addressed by the jury. Issues on facts have to be addressed by the jury, not by the court. Thank you, Counsel. Will Attorney One question. Attorney Manzano? Please introduce yourself on the record. Thank you. Good morning. May it please the court. Pedro Manzano Yates on behalf of the Apeliz Baxter Healthcare Corporation. First, I would like to address the issue of the additional facts to which my brother counsel was referring. And I will make specific reference to the opinion and order issued by Judge Garcia-Gregory. After discussing the reasons why the additional facts should be disregarded, the additional facts to which the judge is referring are those additional facts that were included in an attempt to either accept or deny the facts that were set forth in the Statement of Uncontested Material Facts. Judge Garcia-Gregory specifically stated that the plaintiff or the appellant in this case added too much information without reference to those facts. So he was disregarding those facts. Brother counsel also mentioned that he had included an additional section or a section on additional facts which he did. However, the court did not necessarily disregard those facts. First, the court stated in page 3 of its opinion, therefore, the court will disregard any facts that do not comply with local Civil Rule 56. So what the court was doing is what did not comply was not to be considered. Further, in that same page, the last sentence states additional facts relevant to the claims asserted shall be discussed throughout the analysis. So if the facts were adequately presented by the appellant in this case, the court specifically stated that it would consider them. There are some issues on appeal as to what facts were considered or not considered, but the important thing is that the additional facts presented by the appellant in their section regarding additional facts, the separate section, those facts did not address the statute of limitations or the issue of the prima facie case. That's why they're not in the opinion because those facts made no reference to those issues. What you're saying is that they're irrelevant or they're collateral. They're not on point to what Judge Garcia-Gregory was deciding. Correct. Correct. Now. Your brother counsel referenced some motion he filed prior to responding. Could you elucidate on that a little bit? And what the court's order was? Which motion? Regarding discovery? He said that he had filed a motion as to how he should respond to your statement of facts and that the court issued an order. I'm not sure what he was referring to. I understand that what he has been referring to is to, he filed for an extension to be allowed to file additional documents or additional pages to the limitations set forth in the local rules, which I believe are 25 pages. So it was an extension and definitely he went way beyond those 25 pages with But Judge Garcia-Gregory did not say you went past 25 or I allowed you an extension but you filed 50. Judge Garcia-Gregory never said I'm not considering. It was all considered and then under local rule 56 he made the analysis and said I can't consider it because it's not compliant. Correct? Right. It was strictly under rule 56 and the multiple cases by this circuit stating that litigants do not comply with rule 56 at their peril. It's been for decades, it's been the rule in this circuit that people or parties opposing a motion for summary judgment have to do it pursuant to what local rule states and that's the extent as to which... Not only the opposition the party moving under rule 56 also has to complain. Correct. It works both ways. Yes. So that is regarding the matter of the additional facts. I would like to address, and I believe it's a somewhat convoluted brief by the appellant. I'm not sure, we're not sure what the argument is regarding the transfer from the engineering director position to the engineering manager position that was announced to him on February 23, 2018. Well his argument seems today, because it seems a little different from what I understood his brief to be saying, but today he seems to be saying that it was not uncommon for such transfers to occur and that those transfers were temporary and that because he didn't suffer any loss of benefits or any other adverse consequences as a result of transfers which were common to him. I assume he's saying that he didn't see that under local law that he would not have legally suffered an adverse consequence and therefore he didn't file anything. If those transfers, if that's his argument now, and those transfers were not, are not to be deemed an adverse employment action, then they're not actionable. Did he, on the, as opposed to the transfer, the demotion claim, that was not in the EOC complaint, is that right? That's the one that was not included in the EOC complaint. So if he's not complaining about the transfers, then there's nothing in the complaint that he's complaining about. There's nothing he should be appealing about because the final decision regarding the lack of prima facie case for the Title VII claim regarding his termination, that was not challenged on appeal. So we would be left with nothing to, we'd be left with nothing to decide. If those transfers, and I understand that to be the position now. However, it would make them timely potentially, but it wouldn't help them because they're not in the complaint. They're not even timely. The timeliness of objecting would, I think, it would move the date back for when he would object. That was the thrust of what I think he was getting at. Then the court would have to consider whether... But that's not in the complaint to the EOC, right? It's not in the charge of discrimination with the EOC. It's not. The only matter before the EOC was the issue of his termination in March 26, 2019. These events, these transfers, the important transfers, he had knowledge since February 23, 2018. Help me understand. What was in the EEOC complaint? In the EEOC complaint was his termination on March 26, 2019. And the transfers were not then referenced in the complaint? No, not at all. Not the transfer, not the change of position, not at all. What did the complaint say from his perspective was the reason for the termination? You mean the complaint filed in court? EEOC. Oh, in the EEOC he stated, they stated national origin and age. Later after the motion for summary judgment was filed, they granted or conceded the fact that they did not have a prima facie case of age discrimination, so it was withdrawn. And so it happens that regarding the termination, the court held that the appellant did not have a prima facie case because the person who was retained, Mr. Riz Carrondo, was also a Puerto Rican. So, the national origin claim goes away. And that's not before the court right now because there's no mention at all in the appeal of that issue. They are arguing or seem to be arguing that he was misled when he was told in the February 23, 2018 meeting that it would be temporary. However, however, and since it was temporary,  the way they look at the facts, he did not have to file a complaint in the EOC. But throughout the litigation in the first, in the complaint, in the first amended complaint, in the second amended complaint, the appellant has been referring to that transfer as a demotion, which is a discreet act, which is an adverse employment action, and which triggers the 300-day period for filing a charge of discrimination with the EOC, something that he did not do. And the demotion claim, what's being called the demotion claim, that's what you're saying was not in the EOC complaint. Correct. Which is a separate basis for... Which is a separate basis, and this court... So then, if that's right, what's left in the case if the demotion claim is, can't proceed because it wasn't in the EOC complaint? If the demotion case cannot proceed, there's nothing on appeal. Because there's no challenge to the decision that the prima facie, that he did not meet a prima facie case of national order and discrimination under Title VII. With respect to the elimination of the position? No, with respect to his termination. The determination. Which is the second adverse employment action, or alleged adverse employment action. And that, so the problem that affects the termination or elimination claim, which is that the replacement doesn't affect the demotion claim, but the problem with the demotion claim, in your view, is that it wasn't put in the EOC complaint. It was not put, and it had to be included in the complaint because it was a discrete act. Can I ask, on the local Rule 56 issue, I know the way it comes up as a challenge on appeal by the plaintiff to the disregarding of facts which you addressed. Yes. Judge Helpe, I think, was suggesting perhaps it could be a ground, failure to comply with that rule could be a ground for affirmance in its own right. You didn't make that argument, or are you making that argument? No, I agree with Judge Helpe's, I'm sorry, with Judge Helpe's position. But did you make that argument to us that not just that they're wrong on appeal in saying that there was error in disregarding the additional facts based on the anti-fair rule, but that a failure to comply with Local 56 was of the nature here that we could just affirm the district court on that basis alone? In the brief, we stated that the court correctly exercised its discretion. That's a different question. I don't see the difference as to the final effect. If the court did not use its discretion, then it should be affirmed. No, I understand that, but that's a separate point with whether we don't have to address any of the other issues. You would not have to address the other issues. You would not have to address the other issues. If they lose on their failure to address the additional facts claim, we don't have to address anything else? No, because those additional facts don't address the issue of the statute of limitations or the failure to meet a prima facie case of discrimination. They go into the reasons why the decisions were incorrect. They're an attempt to challenge the legitimate and non-discriminatory reasons for the actions. But statute of limitations has nothing to do with that. If it's doomed on statute of limitations, we don't even have to go into that. There's no case. Nothing was appealed. There is a case, but it's time-barred. Well, it's time-barred, but the final, the remaining issue or the remaining discrete act was not addressed in the appellant's brief. It was not raised as an error on appeal. If we somehow conclude that the district court did abuse its discretion in not considering the denials and rebuttals to your statement of facts, does his document contain evidence which would support a valid tolling of the statute of limitations or notice? Not at all, Your Honor. Repeatedly. And even if it did, if I'm understanding you, the motion claim still can't proceed because it wasn't in the EEOC complaint. Right. And then the termination claim potentially could proceed because, or couldn't because of the national origin problem given who replaced it. Could not proceed because of that reason. Now, addressing Judge Thompson's mention of tolling, the problem here is that repeatedly the appellant makes reference to being demoted. And it's very telling that in the deposition, which is in the record, when he was asked, when were you assigned to the position of senior manager of engineering, I'm referring to page 34 of the appellee's appendix, his response was in that particular day, referring to February 23, 2018, I was told that they were making the decision to remove me from the director of engineering position. That was the day that I was told that I no longer would be the director. That was his testimony. Now, after the motion for summary judgment was filed, we start getting additional facts stating that he was informed that it was temporary, but he was never told that it was for a limited time. Am I right that you're saying to us that even if we assume the district court erred in disregarding the additional facts, and even if we assume that he was entitled to equitable tolling, he still loses because the demotion claim was not in the EEOC complaint, and the termination claim can't succeed because there's no prima facie case of national origin. Right. But my argument goes further. They don't satisfy I know you, but we sometimes say less than more. I see my time is up, so unless the court has any other questions, we will rely on our brief. Thank you. Thank you, Counsel. Will Attorney Rodriguez-Lopez please come up and reintroduce yourself on the record? You have a two-minute rebuttal. For the record, Juan Rodriguez, Your Honor, in the appendix, we submitted a copy of the motion for summary judgment, Route 56 of the defendant, and it was a memorandum from page 120 to page 134. That's a memorandum, but they submitted 83 83 facts.  And that's the reason. And some of them were about performance. In order to rebut to that, we have to go for only, not talking about additional facts, 83 facts, saying, oh, he was not working correctly. We have to submit at least three or four or five documents because one of the reasons they changed the position in their motion for summary judgment, they say, well, it was because he was not discriminated, he has to be reduced that position. But then they submitted a report from the FDA saying, oh, guess what, you did not perform in accordance to the law. Well, we have to get that document. And we were lucky to found it, that we found it, and we submitted it. It wasn't his cell, the one that was in that problem, but we have to submit it, supported with other documents. So... Before you sit down, I just want to clarify one thing. The demotion claim or the transfer claim, were those in your EEOC complaint? Yes, Your Honor. In the EEOC complaint, we informed in the EEOC it's a shame I did not add it, the EEOC complaint. Okay, we're fine. May I continue real quick? Just really. Yes. But... What are you saying was in the EEOC complaint about the motion? I have been fired, and this start with my transfer. And he was from director temporarily, and I thought that it was just a temporary transfer, but guess what, now I was transferred, and it was an excuse to a new position so I can be replaced with a guy born in Puerto Rico. But the original one was born in the U.S. Besides that, it was just a misleading situation because the final goal was to dismiss me later on. That was basically... And it was included in the EEOC. And it's in the complaint, in the amendment complaint, specifically in the paragraph. And we submit the documents, the email, and everything, supporting that his boss said, guess what, this is only temporarily. Actually, we submit a report from Baxter saying it was on February, the decision for transfer, it was actually done on May. The entrance on that in the record, officially record, was done on May. Like any other transfer, they say they included that temporary transfer on May of the same year, but he was dismissed on February. Thank you. Thank you, counsel. That concludes arguments in this case.